# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

No. 21-1536
(3:19-cv-03096-JMC)
_____

In re: INFINITY BUSINESS GROUP, INCORPORATED

    Debtor

-------------------------------

ROBERT F. ANDERSON, as Chapter 7 Trustee for Infinity Business Group, Inc.

    Trustee - Appellant

v.

MORGAN KEEGAN & COMPANY, INC.; KEITH E. MEYERS

    Defendants - Appellees

_____

**TRUSTEE-APPELLANT'S MOTION FOR
EXTENSION OF TIME AND ENLARGEMENT OF WORD LIMIT**

_____

Pursuant to Rules 26(b) and 32(e) of the Federal Rules of Appellate Procedure, and Local Rules 31(c) and 32(b), Trustee-Appellant Robert F. Anderson, as Chapter 7 Trustee for Infinity Business Group, Inc. ("Trustee"), respectfully requests that this Court grant a 30-day extension of time for the parties to file their opening brief and a 14-day extension for the Trustee to file his reply, and enlarge the

word limitation for the parties' principal briefs to 30,000 words and for the Trustee's reply to 15,000 words.

In support thereof, the Trustee states as follows:

1. The Trustee commenced this adversary proceeding alleging claims for, among others, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, common law fraud, and securities fraud under Rule 10b-5 against Defendants-Appellees Morgan Keegan & Company, Inc. and Keith E. Meyers (collectively, "MK Defendants") on August 31, 2012. The actual damages claimed are over $24,000,000, and prejudgment interest currently ranges from, depending upon the claim and the applicable interest rate, $11,216,980 to $76,992,584 before any compounding, as of June 10, 2021. The issues involved are complex and raise certain novel issues of South Carolina and Nevada law, and the trial record consists of hundreds of exhibits and thousands of pages of testimony and argument.

2. The Bankruptcy Court established a 100-page limit on the filing of post-trial briefs to be submitted in lieu of closing arguments. On October 15, 2019, the Bankruptcy Court issued a 134-page order finding for the MK Defendants on all the Trustee's causes of action. The Bankruptcy Court also made alternative findings in favor of the MK Defendants on their principal affirmative defense of *in pari delicto*, the Trustee's claimed exceptions to that defense, and the Trustee's damages claims.

3. The Trustee timely appealed to the District Court. The District Court also established a 100-page, 12-point font limit on the parties' principal briefs. It further set a 50-page, 12-point font limit on the Trustee's reply brief. As measured by Federal Rule of Appellate Procedure 32(f), the Trustee's opening brief to the District Court contained 35,241 words and his reply brief contained 16,413 words. On March 31, 2021, the District Court issued a 70-page order and opinion affirming the Bankruptcy Court.

4. The Trustee timely appealed to this Court. Due to the alternative nature of the Bankruptcy Court's rulings, as affirmed by the District Court, the Trustee's issues on appeal necessarily encompass nearly every substantive aspect of the Bankruptcy Court's order. This Court's May 27, 2021 Briefing Order adopted the standard 30-page/13,000-word limit on principal briefs and half that on replies. This Court may modify this standard limitation for exceptional circumstances. Local Rule 32(c).

5. The Trustee respectfully submits that such circumstances exist here. While the Trustee has narrowed his issues on appeal from those presented to the District Court and will endeavor to further streamline his arguments, this is a complex matter which presents several issues for review and a lengthy record. It will be impossible and prejudicial for the Trustee to identify and effectively discuss within the standard limits all the issues he needs to raise in his appeal. The Trustee

therefore respectfully requests that this Court enlarge length limitation of the parties' principal briefs to 30,000 words and the Trustee's reply brief to 15,000 words. This limitation is substantially fewer words than used in briefing before the Bankruptcy Court and the District Court in recognition of this Court's desire for concise arguments, but it also affords the Trustee sufficient space to cogently brief all issues raised before this Court.

6. Furthermore, the Trustee respectfully requests a modest extension of the current deadlines for the parties to file their briefs and the Joint Appendix in this matter. This Court's Briefing Order provides the Trustee with 40 days to file his opening brief, the MK Defendants 30 days to file their response brief, and 21 days for the Trustee to file any reply brief. This Court may extend those deadlines for extraordinary circumstances. Local Rule 31(c).

7. Such circumstances exist here as well. One of the Trustee's primary attorneys in this matter has recently suffered a severe medical emergency. She underwent a nuclear stress test on May 25, a cardiac catheterization on May 27, and open-heart surgery to perform a triple bypass on June 1. Her doctors advised that her recovery period will be in the range of four to six weeks. Her absence will significantly impact the Trustee's ability to meet the current briefing deadline. Furthermore, the length of the order on appeal, the complexity of the issues, and the volume of evidence involved in this case warrant a modest extension of the deadlines

for all parties. The Trustee therefore respectfully requests that the briefing deadlines be extended as follows:

   a. The Trustee's deadline to file and serve his opening brief and the Joint Appendix be extended an additional 30 days (for a total of 70) to August 5, 2021;

   b. The MK Defendants' deadline to file and serve their response brief be extended an additional 30 days (for a total of 60) to October 4, 2021; and

   c. The Trustee's deadline to file and serve his reply brief be extended an additional 14 days to be 35 days from receipt of the MK Defendants' response brief.

8. This motion is not interposed for delay. Rather, it is necessary for the Trustee to assemble and present his arguments in a complex case with an extensive record. The extensions requested herein will not prejudice any party to this case or the issues presented, and they are justified by extraordinary circumstances.

9. The undersigned counsel has conferred with counsel for the MK Defendants and states that the MK Defendants oppose this motion and the relief requested herein.

WHEREFORE, the Trustee respectfully requests that this Court issue an order setting the word-count limitation for the parties' principal briefs as 30,000 words,

and for the Trustee's reply brief as 15,000 words; setting the deadline for the Trustee to file and serve his opening brief as August 5, 2021, the MK Defendants to file and serve their response brief to October 4, 2021, and the Trustee to file and serve a reply brief as 35 days after receipt of the MK Defendants' brief; and granting such other relief as is just and proper.

    Respectfully submitted,

    **WILLOUGHBY & HOEFER, P.A.**

    s/ Mitchell Willoughby
    Mitchell Willoughby
    Elizabeth Zeck
    Post Office Box 8416
    Columbia, South Carolina 29202
    (803) 252-3300
    mwilloughby@willoughbyhoefer.com
    ezeck@willoughbyhoefer.com

    R. Walker Humphrey, II
    133 River Landing Drive, Suite 200
    Charleston, South Carolina 29492
    (843) 619-4426
    whumphrey@willoughbyhoefer.com

    *Counsel for Robert F. Anderson, as Chapter 7 Trustee for Infinity Business Group, Inc.*

June 10, 2021
Columbia, South Carolina